IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BERLINDA G.,[1] | )<br>) |
|       Plaintiff, | )<br>)<br>) No. 19 C 6614 |
| v. | )<br>) |
| | ) Magistrate Judge |
| KILOLO KIJAKAZI, Acting<br>Commissioner of Social Security,[2] | ) Maria Valdez<br>)<br>) |
|       Defendant. | )<br>)<br>) |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Berlinda G.'s claim for Supplemental Security Income ("SSI"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion for summary judgment [Doc. No. 13] is granted in part and denied in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 22] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by her first name and the first initial of her last name.

[2] Andrew Saul has been substituted for his predecessor pursuant to Federal Rule of Civil Procedure 25(d).

## BACKGROUND

### I. PROCEDURAL HISTORY

On March 8, 2016, Plaintiff filed a claim for SSI, alleging disability since February 23, 2016 due to osteoarthritis and depression. The claim was denied initially and upon reconsideration, after which she timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held on October 3, 2018. Plaintiff personally appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also testified.

On November 7, 2018, the ALJ denied Plaintiff's claim for benefits, finding her not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

### II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since her application date of February 7, 2013. At step two, the ALJ concluded that Plaintiff had the following severe impairments: osteoarthritis, obesity, and depression. The ALJ concluded at step three that her impairments, alone or in combination, do not meet or medically equal a listed

2

impairment. Before step four, the ALJ determined that Plaintiff retained the Residual Functional Capacity ("RFC") to perform light work with the following additional limitations: standing, walking, and sitting for six hours in an eight-hour workday; occasionally climbing ladders, ropes, scaffolds, ramps, and stairs; occasionally crouching, kneeling, and crawling; work limited to simple, routine, repetitive tasks in a work environment free of fast-paced production requirements and involving only simple work-related instructions and few, if any, workplace changes.

At step four, the ALJ noted that Plaintiff had no past relevant work. At step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff can perform jobs existing in significant numbers in the national economy, leading to a finding that she is not disabled under the Social Security Act.

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a Plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the Plaintiff presently unemployed? (2) Does the Plaintiff have a severe impairment? (3) Does

3

the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the Plaintiff unable to perform her former occupation? and (5) Is the Plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step 3 or step 5 leads to a finding that the Plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step 3, precludes a finding of disability. *Id.* The Plaintiff bears the burden of proof at steps 1-4. *Id.* Once the Plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the Plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of

4

'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, -- U.S. --, 139 S. Ct. 1148, 1154 (2019) (citations omitted). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with record evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a Plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir.

5

2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a Plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

### III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error because (1) the RFC failed to include her moderate limitations on concentration, persistence, and pace; (2) the VE's testimony was unreliable; and (3) he improperly weighed the medical opinions in the record.

#### A. Concentration, Persistence, and Pace

Plaintiff contends that the ALJ's RFC determination did not properly account for her moderate limitations in concentration, persistence, and pace. The ALJ limited Plaintiff to "simple, routine, repetitive tasks in a work environment free of fast-paced production requirements and involving only simple, work-related instructions and few, if any, workplace changes." (R. 17.) Plaintiff argues that the "catchall" terms such as "simple, routine, repetitive tasks" and "free of fast-paced

6

production requirements" do not adequately reflect her moderate limitations and are legally fatal. Plaintiff is correct that courts have often criticized these types of boilerplate statements and have remanded matters back to the Commissioner when ALJs have used them. *See, e.g.*, *Crump v. Saul*, 932 F.3d 567, 570 (7th Cir. 2019) ("[T]he ALJ generally may not rely merely on catch-all terms like 'simple, repetitive tasks' because there is no basis to conclude that they account for problems of concentration, persistence or pace.") (internal quotation omitted); *DeCamp v. Berryhill*, 916 F.3d 671, 675-76 (7th Cir. 2019) ("We have previously rejected similar formulations of a claimant's limitations because there is no basis to suggest that eliminating jobs with strict production quotas or a fast pace may serve as a proxy for including a moderate limitation on concentration, persistence, and pace."); *Moreno v. Berryhill*, 882 F.3d 722, 730 (2018) ("'[W]e have repeatedly rejected the notion that a hypothetical like the one here confining the claimant to simple, routine tasks and limited interactions with others adequately captures temperamental deficiencies and limitations in concentration, persistence, and pace.'") (quoting *Yurt v. Colvin*, 758 F.3d 850, 858-59 (7th Cir. 2014)).

However, an ALJ's use of these phrases in an RFC, without more, does not necessitate remand. *See Recha v. Saul*, 843 F.App'x 1, 4 (7th Cir. 2021) (unpublished decision) (noting that the use of boilerplate language, by itself, is not reversible error). Moderate limitations in concentration, persistence, and pace must, like all limitations, must be accounted for in the RFC and the hypothetical posed to the VE. *See Crump*, 932 F.3d at 570. But in framing the RFC, an ALJ is not

7

required "to use certain words, or to refrain from using others, to describe the pace at which a claimant is able to work." *Martin v. Saul*, 950 F.3d 369, 374 (7th Cir. 2020); *see Recha*, 843 F.App'x at 4 ("[O]ur case law has clarified that an ALJ has some latitude with the exact wording of an RFC as long as it conveys in some way the restrictions necessary to address a claimant's limitations."). The ALJ must only "ensure that the VE is 'apprised fully of the claimant's limitations' so that the VE can exclude those jobs that the claimant would be unable to perform." *Crump*, 932 F.3d at 570 (concluding that "[t]he best way to do that is by including the specific limitations—like CPP—in the hypothetical"); *Martin*, 950 F.3d at 374 ("We decline to provide a glossary of adjectives for use in RFC determinations. What we do require—and our recent precedent makes plain—is that the ALJ must account for the 'totality of a claimant's limitations' in determining the proper RFC.").

Plaintiff's argument rests solely on the ALJ's alleged *per se* error in using catchall terms; she offers no specific examples of limitations in her concentration, persistence, and pace that are not accommodated by the RFC, nor has she articulated an RFC that would accommodate her limitations. *See Dudley v. Berryhill*, 773 F.App'x 838, 842 (7th Cir. 2019) ("Critically, [the claimant] did not identify any limitations that the ALJ omitted and should have included in the hypothetical question."); *see also Martin*, 950 F.3d at 374 ("Although [the claimant] complains that the pace requirements are too vague, there is only so much specificity possible in crafting an RFC. The law required no more.").

Because Plaintiff has not shown that the RFC does not accommodate her concentration deficits caused by depression, the matter cannot be remanded on that basis. *Cf. Lothridge v. Saul*, 984 F.3d 1227, 1234 (7th Cir. 2021) ("[A]n internally inconsistent opinion by an ALJ is likely to fail to build a logical bridge between the evidence and the result."); *Crump*, 932 F.3d at 570 (concluding remand was necessary where the ALJ "specifically root[ed] the RFC determination in a VE's opinion that, by its terms, did not account for [the claimant's] CPP limitations").

### B. <u>Vocational Expert Testimony</u>

Plaintiff next contends that the ALJ's decision was not supported by substantial evidence because the step five determination was based on unreliable VE testimony. Initially, Plaintiff asserts that the ALJ failed to comply with Social Security Ruling 00-4p,[3] which places on an ALJ "an 'affirmative responsibility' to ask if the VE's testimony conflicts with the DOT, and if there is an 'apparent conflict,' the ALJ must obtain 'a reasonable explanation.'" *Terry v. Astrue*, 580 F.3d 471, 478 (7th Cir. 2009) (citing Social Security Ruling 00-4p, 2000 WL 1898704, at *2 (Dec. 4, 2000)).

Plaintiff asserts that the ALJ did not satisfy the second prong of SSR 00-4p because he failed to investigate and resolve readily apparent inconsistencies between the VE's testimony and the Dictionary of Occupational Titles ("DOT"). Specifically, she concludes that the jobs of sorter, hand packer, and assembler,

---

[3] Interpretive rules, such as Social Security Rulings ("SSR"), do not have force of law but are binding on all components of the Agency. 20 C.F.R. § 402.35(b)(1); *accord Lauer v. Apfel*, 169 F.3d 489, 492 (7th Cir. 1999).

9

which the VE listed as jobs Plaintiff could perform, conflict either facially or substantively with the DOT. As described in the DOT, the jobs identified by the VE are production jobs that Plaintiff believes require maintaining a minimum quota and sustained attention, which is inconsistent with the ALJ's finding that she could perform only simple work without fast-paced production requirements.

SSR 00-4p only requires an ALJ to investigate a conflict when it is "apparent." *Terry*, 580 F.3d at 478 (citing *Overman v. Astrue*, 546 F.3d 456, 463 (7th Cir. 2008)). At the hearing, the ALJ asked the VE: "[A]re the jobs you cited and your testimony consistent with the description in the *Dictionary of Occupational Titles*?" (R. 67.) The VE responded: "Yes, they are," and the ALJ then allowed Plaintiff's counsel to ask any questions. Counsel then inquired about the availability of work for a person who would be off task more than ten percent of the day but did not ask the VE about her opinion's consistency with the DOT. (R. 68.) "Because [Plaintiff] did not identify any conflict at the hearing, she would have to show that the conflict was 'obvious enough that the ALJ should have picked up on [it] without any assistance.'" *Terry*, 580 F.3d at 478. Having failed to challenge the VE's testimony at the hearing, Plaintiff needed to show that any conflict was or should have been obvious to the ALJ, and she has not done so. Indeed, she has not established with any certainty that there is any conflict at all. The ALJ's limitation on "fast-paced" production requirements does not mean that Plaintiff cannot perform jobs with any production requirements whatsoever. The VE's testimony provided substantial

10

evidence supporting the ALJ's finding that the identified jobs can be performed by a person with the listed RFC, age, education, and experience.

However, the ALJ did not provide an adequate basis to allow the Court to evaluate whether those jobs exist in substantial numbers in the national economy. The DOT only describes a job's duties and requirements; it does not provide any way to estimate the number of jobs there are. *See Chavez v. Berryhill*, 895 F.3d 962, 965 (7th Cir. 2018). The VE therefore must come up with another means of producing the jobs estimate. *See id.* at 965-66 (describing one "equal distribution" method whereby DOT jobs are roughly correlated with the Department of Labor's compilation of Occupational Employment Statistics).

"In the context of job-number estimates, we have observed that the substantial evidence standard requires the ALJ to ensure that the approximation is the product of a reliable method." *Id.* at 968. An ALJ need not meet "an overly exacting standard" to form a reliable jobs estimate, and a VE's testimony need not comply with Federal Rule of Evidence 702. *Id.* (noting the realities and limitations of a VE's efforts to approximate job numbers and recognizing that the substantial evidence standard affords flexibility to the estimate). However, "any method that the agency uses to estimate job numbers must be supported with evidence sufficient to provide some modicum of confidence in its reliability." *Id.* at 969. "[A] vocational expert's job-number testimony will survive review under the substantial-evidence standard as long as it rests on a well-accepted methodology and the expert describes

11

the methodology 'cogently and thoroughly.'" *Brace v. Saul*, 970 F.3d 818, 822 (7th Cir. 2020) (citing *Biestek*, 139 S. Ct. at 1155).

A VE is therefore required to testify about the basis of their estimate and explain why they have confidence in it. *See Chavez*, 895 F.3d at 969; *see also Brace*, 970 F.3d at 822 ("And the explanation must be sufficient to instill some confidence that the estimate was not 'conjured out of whole cloth.'") (citation omitted). An ALJ's duty is not fulfilled merely by asking what method was used; instead, "she need[s] to hold the VE to account for the reliability of his job-number estimates." *Chavez*, 895 F.3d at 970 ("By accepting the VE's estimates at step five because they were 'not contradicted,' the ALJ effectively and impermissibly shifted the burden to [the claimant].").

In this case, the Court cannot discern any basis for the VE's job estimates. At the beginning of her testimony, the ALJ asked her whether she was "familiar with jobs that exist in the national economy," and she responded in the affirmative. (R. 65.) There was no other questioning about or reference to the basis for her estimates of job numbers. *See Brace*, 970 F.3d at 822 ("This strikes us as the agency taking a 'trust me' approach rather than – as required by the statute and regulations – carrying its burden to demonstrate the significant employment exists in the national economy for a person with this claimant's restrictions."); *Herrmann v. Colvin*, 772 F.3d 1110, 1114 (7th Cir. 2014) ("We do not know how the vocational expert in this case calculated the numbers to which he testified. Nothing in the

12

record enables us to verify those numbers, which the administrative law judge accepted.").

The ALJ's conclusion that work exists in significant numbers in the national economy is therefore not supported by substantial evidence, and the matter must be remanded on that basis. *See Chavez*, 895 F.3d at 970-71 ("At a new step-five hearing, it may be that the evidentiary gap is filled through expanded testimony from the VE about his estimates or through some other showing that there are a significant number of jobs in the economy [the claimant] can perform given her limitations. [The claimant] will have the opportunity to challenge any such showing by the agency.").

Based on its conclusion that remand is necessary for the above reason, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken to ensure that the opinion of her treating psychologist, Dr. Galligan, be properly evaluated according to the factors outlined in 20 C.F.R. § 404.1527(c).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment [Doc. No. 13] is granted in part and denied in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 22] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**                  **ENTERED:**

**DATE:**    **October 15, 2021**

                                           **HON. MARIA VALDEZ**
                                           **United States Magistrate Judge**